# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION
# IN ADMIRALTY

| | |
|---|---|
| Shaune R. Gossett, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No.: 2:08-3489-PMD |
| Shon W. McMurtry, Ralph Campbell, and Dwayne McGregor, | ) **ORDER** |
| Defendants. | ) |

Before the court is Plaintiff Shaune Gossett's ("Plaintiff") motion to strike the Defendant Shon McMurtry's request for a jury trial. In response to Plaintiff's motion, Defendant Shon McMurtry moves the court to summarily dismiss this case for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Because the court finds that it lacks subject matter jurisdiction over this matter, the court dismisses this action.

## BACKGROUND

In June of 2007, Plaintiff went on a fishing trip off the coast of South Carolina with Defendants Dwayne McGregor ("McGregor"), Shon W. McMurtry ("McMurtry"), and Ralph Campbell ("Campbell"). At some point during the trip, Plaintiff fell asleep on the boat, either from exhaustion, from consuming too much alcohol, or a combination of both, and while he slept, Campbell pulled his own shorts down and placed his buttocks next to Plaintiff's face. Meanwhile, McMurtry took photographs of this incident. Plaintiff alleges that the Defendants shared the photographs with each other, and eventually, emailed them to other individuals. Plaintiff also alleges that Defendants published one of the photographs to individuals by using it "as a screen saver for

a computer located at the Ceres Marine office at the Columbus Street Terminal in Charleston, South Carolina." (Pl.'s Ex. 3 ¶ 6.) Plaintiff filed suit against the Defendants in this court, claiming that the matter fell within the court's admiralty jurisdiction and alleging causes of action for negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and defamation. Because of his belief that this matter falls within the court's admiralty jurisdiction, Plaintiff moves to strike Defendant McMurtry's demand for a jury trial. In response, Defendant McMurtry argues that Plaintiff incorrectly classifies this case as a civil suit in admiralty and asks the court to dismiss the action for lack of subject matter jurisdiction.

## LEGAL STANDARD OF REVIEW FOR A MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

The Fourth Circuit has recognized that a defendant can challenge subject matter jurisdiction in one of two ways.

> First, the defendant may contend that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. When a defendant makes a facial challenge to subject matter jurisdiction, the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration. In that situation, the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction.
>
> In the alternative, the defendant can contend . . . that the jurisdictional allegations of the complaint are not true. The plaintiff in this latter situation is afforded less procedural protection: If the defendant challenges the factual predicate of subject matter jurisdiction, a trial court may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations, without converting the motion to a summary judgment proceeding. In that situation, the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction.

*Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (internal quotations and citations omitted). In this case, Defendant McMurtry challenges the factual basis of Plaintiff's assertion that his case falls within the court's admiralty jurisdiction. As such, the court may look beyond the allegations of the complaint to determine if there are facts to support Plaintiff's jurisdictional allegations, *id.*, but in doing so, the court is mindful of the fact that, "when the jurisdictional facts are inextricably intertwined with those central to the merits, the court should resolve the relevant factual disputes only after appropriate discovery, unless the jurisdictional allegations are clearly immaterial or wholly unsubstantial and frivolous." *Id.* at 193.

## ANALYSIS

A party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) over a tort claim must satisfy conditions both of location and of connection with maritime activity. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995) (citing *Sisson v. Ruby*, 497 U.S. 358 (1990)). For a party to satisfy the location test, the court must determine "whether the tort occurred on navigable water or whether the injury suffered on land was caused by a vessel on navigable water." *Id.* (citing the Extension of Admiralty Jurisdiction Act, 46 U.S.C.S. § 30101(a)). Thereafter, the connection test requires the court to assess two additional sub-issues. First, the court must determine whether the general features of the type of incident involved have a "potentially disruptive impact on maritime commerce." *Id.* (quoting *Sisson*, 497 U.S. at 364 n.2). Second, the court should decide whether the general nature of the activity that caused the incident shows a "substantial relationship to traditional maritime activity." *Id.* (quoting *Sisson*, 497 U.S. at 364).

In this case, Defendant McMurtry first argues that Plaintiff's defamation cause of action does not satisfy the location test because the publication of the alleged defamatory photographs occurred

3

on land at the Ceres Marine office at the Columbus Street Terminal rather than on the boat in navigable waters. To support his argument, Defendant cites to the Fourth Circuit's decision in *Wells v. Liddy*, in which the court recognized that, "[i]n defamation actions, the place of the harm has traditionally been considered to be the place where the defamatory statement was published, i.e., seen or heard by non-parties." 186 F.3d 505, 521–22 (4th Cir. 1999) (finding that general maritime law governed the plaintiff's defamation claim because the alleged defamatory statement was published on a ship sailing at sea). As such, he contends that this claim does not fall within the court's admiralty jurisdiction. In response, Plaintiff argues that the facts of his case satisfy the location test because the incident which ultimately gives rise to his defamation cause of action occurred on navigable waters and because Defendant McMurtry showed Defendant Campbell the photographs while they were still on the boat. To support his position, Plaintiff cites to *Whittington v. Sewer Construction Co., Inc.*, 541 F.2d 427, 432–33 (4th Cir. 1976) and *Higgins v. Leland*, 839 F. Supp. 374 (D.S.C. 1993), in which each court recognized that, "for jurisdictional purposes, we must look to the place where the incident occurred which ultimately gave rise to the cause of action."

After considering the parties' arguments, the court dismisses Plaintiff's defamation claim for lack of subject matter jurisdiction because the court finds that the defamation did not occur on navigable waters. Although the Fourth Circuit has noted, that "for jurisdictional purposes, [courts should] look to the place where the accident which ultimately gave rise to the cause of action was 'initiated,'" *White v. United States*, 53 F.3d 43, 47 (4th Cir. 1995) (citing *Whittington* and *Higgins*), the court believes the situs of a tortious injury depends on, among other things, the type of tort alleged. In a defamation cause of action, it is the publication of the defamatory statement to third parties that ultimately gives rise to a cause of action, *see, e.g.*, *Erickson v. Jones St. Publrs., LLC*, 368

S.C. 444, 464, 629 S.E.2d 653, 664 (2006) ("The tort of defamation allows a plaintiff to recover for injury to his or her reputation as the result of the defendant's *communications to others* of a false message about the plaintiff.") (emphasis added), and there is no dispute among the parties that the publication in this case did not occur until the parties were back on land. Plaintiff attempts to avoid this finding by arguing, or at least suggesting, that the first publication of these photos occurred on the boat when Defendant McMurtry showed the photographs to Defendant Campbell. The court does not consider this a publication because Campbell participated in the alleged defamation, as he was the person photographed with Plaintiff, and is a named co-defendant in this suit.

The court's decision is also guided by the few cases in which other courts have found that the location test was satisfied in a defamation cause of action. In *Wells v. Liddy*, the Fourth Circuit Court of Appeals determined that the alleged defamation did occur on navigable waters because it occurred during a speech delivered to several ship passengers while the ship was sailing at sea. 186 F.3d 505, 524 (4th Cir. 1999). Similarly, in *Guidry v. Durkin*, the Ninth Circuit Court of Appeals found that a plaintiff's defamation cause of action satisfied the location test when a defendant had a ship's telex operator transmit an allegedly libelous telex message. Because the delivery of the message to the telex operator constituted a publication of the alleged defamatory statement, the court found that the alleged defamation occurred at sea. 834 F.2d 1465, 1470 (9th Cir. 1987). Unlike these cases, the publication in this case occurred on land; accordingly, the court finds that Plaintiff has not satisfied the location test with respect to his defamation claim, and therefore has not established the existence of admiralty jurisdiction over this claim.

Plaintiff's remaining claims are for negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress. He bases these claims on Defendant Campbell's decision to place his buttocks close to Plaintiff's face while Plaintiff was asleep or passed out and on Defendant McGregor's failure, as the owner and operator of the vessel, to prevent it from happening. Defendant argues that even if these claims satisfy the location test, which arguably they do not, Plaintiff has failed to meet his burden of proving that these claims have a maritime nexus. The court agrees. To satisfy the connection test, as already discussed, Plaintiff must show that the general features of this incident are of the type that could disrupt maritime commerce and that the general character of the activity has a substantial relationship to traditional maritime activity. *C.f. Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 540 (1995) ("Navigation of boats in navigable waters clearly falls within the substantial relationship; storing them at a marina on navigable waters is close enough, whereas in flying an airplane over the water, as in swimming, the relationship is too attenuated.") (internal citations omitted).

In analyzing whether the general features of the incident complained of are of the type that could disrupt maritime commerce, the court must determine "whether the incident could be seen within a class of incidents that posed more than a fanciful risk to commercial shipping." *Jerome B. Grubart, Inc.*, 513 U.S. at 539. Plaintiff characterizes the general features of his case as "a tort injury occurring to a vessel passenger on a vessel in navigable water by the vessel owner," (Pl.'s Reply at 8), and asserts that "a tort occurring to a passenger on a vessel poses a more than fanciful risk to a variety of activities essential to maritime commerce, [including] the safe transportation of passengers." (*Id.* at 9.) The court disagrees. First, the court does not believe Plaintiff properly characterized the "general features" of this incident, as the tort classification suggested by Plaintiff

6

is too general to differentiate cases. *See Jerome B. Grubart, Inc.*, 513 U.S. at 539. The court believes a more proper characterization of the general features of this case would be the horsing around or playing of practical jokes amongst boat passengers on a recreational fishing trip. To be sure, some practical jokes can be unwelcome and offensive, perhaps even deserving of being classified a tort. But even if this is such a situation, the court does not believe Plaintiff has sufficiently shown how pranksters on a recreational fishing boat could potentially disrupt maritime commerce. The court also disagrees with Plaintiff's assertion that the court's decision to deny admiralty jurisdiction in this case will establish a "very bad precedent," because it "will result in courts not having admiralty jurisdiction over personal injury civil actions that occur on vessels to passengers." (Pl.'s Reply at 10.) In fact, this court has exercised admiralty jurisdiction over cases involving the physical injury of passengers on a ship before, but that has no relevance here. As the Supreme Court has stated:

> The law of admiralty has evolved over many centuries, designed and molded to handle problems of vessels relegated to ply the waterways of the world, beyond whose shores they cannot go. That law deals with navigational rules—rules that govern the manner and direction those vessels may rightly move upon the waters. When a collision occurs or a ship founders at sea, the law of admiralty looks to those rules to determine fault, liability, and all other questions that may arise from such a catastrophe. Through long experience, the law of the sea knows how to determine whether a particular ship is seaworthy, and it knows the nature of maintenance and cure. It is concerned with maritime liens, the general average, captures and prizes, limitation of liability, cargo damage, and claims for salvage.

*Exec. Jet Aviation v. City of Cleveland*, 409 U.S. 249, 269–70 (1972). In this case, Plaintiff has not shown how the general features of this incident affected the navigation of the boat, or how they affected the channels of navigation or safety for other boats, commercial or non-commercial. While Plaintiff argues that this incident concerns the safe transportation of passengers, he has not explained how the incident, in any way, posed more than a fanciful risk to commercial shipping. The attenuated

relationship of Plaintiff's claims to the objectives of admiralty jurisdiction leads the court to refrain from exercising admiralty jurisdiction in this case.

Because the court has found that the general features of this incident do not demonstrate potential to impact maritime commerce, the court does not analyze whether the general character of the activity also has a substantial relationship to traditional maritime activity. Furthermore, Plaintiff admits that there is no other basis by which the court could exercise subject matter jurisdiction over his case, as all the parties are citizens of South Carolina and the suit does not involve a federal question. Therefore, the court must dismiss this action.

## CONCLUSION

Therefore, it is **ORDERED**, that this matter is dismissed for lack of subject matter jurisdiction. As such, it is **FURTHER ORDERED** that the other motions in the case are rendered **MOOT**.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**July 26, 2010**
**Charleston, SC**